1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR HANNAN**, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**THE TULVING COMPANY, INC.,** a California Corporation; and **HANNES TULVING, JR.** a California resident,<br><br>Defendants. | Case No. 5:14-cv-01054-EJD<br><br>[PROPOSED]<br><br>**TEMPORARY RESTRAINING ORDER**<br><br>**AND**<br><br>**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>[Fed. R. Civ. P. 65; L.R. 65-1]<br><br>Date: **March 17, 2014**<br>Time: **9:00 a.m.**<br>Ctrm: Courtroom 4 - 5th Floor<br>Judge: The Hon. Edward J. Davila<br>Filed: March 7, 2014 |

**Please note the original version of this document has been edited by the court.**

The Court has before it the *ex parte* motion of Plaintiff Victor Hannan, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Civil Rule 65-1, for a temporary restraining order against defendants The Tulving Company, Inc. ("Tulving Company") and Hannes Tulving, Jr. (together, "Defendants"), as well as any persons acting in concert therewith or at their direction, and for an order directing Defendants to show cause, if any, why a preliminary injunction should not be entered. Plaintiff appeared through his counsel, Kronenberger Rosenfeld, LLP.

Upon consideration of Plaintiff's moving papers, including the declaration of Karl S. Kronenberger and exhibits thereto, the declaration of Plaintiff Victor Hannan and the exhibit attached thereto, the additional declarations of Defendants' customers filed with the motion, and any evidence and argument adduced at hearing, the Court finds the motion well-taken and, accordingly, GRANTS the same.

IT IS THEREFORE ORDERED AS FOLLOWS:

## **FINDINGS**

1. This Court has subject matter jurisdiction over this case, and there is good cause to believe that it will have jurisdiction over all parties hereto.

2. There is good cause to believe that Defendants have engaged in and are likely to engage in acts, omissions, conduct, and practices that (i) constitute breaches of contracts between Defendants and Plaintiff and members of the proposed Classes; (ii) violate the Commodities Exchange Act and the California Commodity Law; (iii) violate the California Consumer Legal Remedies Act, Civil Code §1750 *et seq.*; (iv) violate the California Unfair Competition Law, Bus. & Prof. Code §17200; (v) convert the funds of Plaintiff and members of the proposed Classes; and (vi) result in Defendants being unjustly enriched.

3. There is good cause to believe that immediate and irreparable harm will result from Defendants' violations of common and statutory law unless Defendants are restrained and enjoined by order of the Court. The evidence set forth in the Complaint, the declaration of Karl S. Kronenberger and exhibits thereto, the declaration of Plaintiff

Victor Hannan and the exhibit attached thereto, and the declarations of Defendants' other customers, demonstrate that Plaintiff is likely to prevail on the merits of this action, and that Plaintiff is likely to prove that Defendants are liable for the causes of action stated in the Complaint. There is good cause to believe that Defendants will continue to engage in such unlawful actions if not immediately restrained and enjoined from doing so by order of this Court.

4. There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief will result from the sale, transfer, conveyance, concealment, or other disposition by Defendants of assets and proceeds of the wrongful conduct alleged in the Complaint if Defendants receive advance notice of this action or of Plaintiff's motion. Based on the evidence in Plaintiff's motion and accompanying declarations and exhibits, Plaintiff is likely to prove that:

(a) Defendants are in the process of absconding with the funds of hundreds, if not thousands, of Defendants' customers, as Defendants have ceased all communications with their customers after receiving payment for and promising to deliver precious metal products to numerous customers;

(b) This matter involves allegations of serious unlawful conduct against Defendants;

(c) Defendants have a history of unlawful conduct resulting in substantial consumer losses, and that history increases the risk that Defendants will hide or dissipate assets if they receive notice of adverse legal action being planned against them; and

(d) Plaintiff and members of the proposed Classes have been injured and continue to be injured by Defendants' conduct.

Plaintiff's request for this emergency *ex parte* relief is not the result of any lack of diligence on Plaintiff's part but is based instead upon the nature of Defendants' unlawful conduct and the circumstances of the action. Therefore, in accordance with Federal Rule of Civil Procedure 65(b) and Local Civil Rule 65-1, good cause exists and the

1 interests of justice require that this Order be GRANTED without prior notice to Defendants, and, accordingly, Plaintiff is relieved of the duty to provide Defendants with prior notice of Plaintiff's motion.

5. There is good cause to believe that Defendants have engaged in unlawful activity using bank accounts located in California; the bank accounts and other assets held in the name or names of Defendants, or any of them, must be frozen immediately without advance notice to Defendants in order to immediately halt any further injury to Plaintiff and members of the proposed Classes and to aid the Court's jurisdiction over the subject matter of this action; Defendants must be prevented from gaining access to those bank accounts and other assets; and the destruction of data relating to those bank accounts and assets must be prevented.

6. Weighing the equities and in consideration of Plaintiff's likelihood of ultimate success on at least some of the causes of action in this action, the granting of this order is in the interests of justice.

7. In light of the nature and magnitude of the harms already suffered by Plaintiff and other members of the proposed Classes and continuing to be suffered by Plaintiff and other members of the proposed Classes, the immediate and temporary nature of this relief, the fact that the accounts and assets to be frozen by this order will remain in place pending further order of the Court, and the delays in enforcement and the dangers of dissipation or concealment by defendants if the effect of this order is delayed, no bond, undertaking, or other such security should be required of Plaintiff as a condition to the issuance or effectiveness of this order. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir. 2003).

8. ~~In light of the immediate nature of Plaintiff's request and the necessity of informing Defendants and other restrained and affected persons and entities with notice of this order and of this action as soon as possible after issuance, the use of email, fax, or other alternative means of service of the order and of all process in this case (including the complaint and summons) is appropriate and should be authorized.~~

## DEFINITIONS

As used in this order:

1. "Defendants" means defendants The Tulving Company, Inc. and Hannes Tulving, Jr.; and any and all other names under which Defendants, and any of them, do business, and any subsidiaries, corporations, partnerships, divisions, or other entities directly or indirectly owned, operated, managed, or controlled by Defendants or any of them.

2. "Document" has the same meaning as used in Rule 34(a) of the Federal Rules of Civil Procedure, and includes all documents and other records in whatever format or medium, including electronic.

3. "Representative" means the following persons or entities who receive actual notice of this order by personal service, alternative service as authorized herein, or otherwise: (a) Defendants' officers, agents, employees, servants, and attorneys; and (b) all other persons who are in active concert or participation with Defendants or their officers, agents, employees, servants, or attorneys.

## TEMPORARY RESTRAINING ORDER

1. <u>Asset Freeze</u>. Defendants and their representatives are temporarily restrained and enjoined from transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of the following accounts (and assets deposit therein) and property:

- California Bank & Trust account ending in the digits 2481, in the name of The Tulving Company, Inc. and/or Hannes Tulving, Jr.

- Any other banking, checking, deposit, or similar such account held or controlled by The Tulving Company, Inc. and/or Hannes Tulving, Jr. **after obtaining court approval by separate ex parte application.**

- All metal products, including any gold, silver, platinum, or palladium coins or bars in the possession, custody, or control of either The Tulving Company, Inc. and/or Hannes Tulving, Jr.

(For the sake of complete identification, Plaintiff's counsel shall provide all full account numbers available in a cover letter or other correspondence regarding this order that is sent to any financial institution.)

2. <u>Asset Freeze – Financial Institutions</u>. Any financial or brokerage institution, business entity, or person served with a copy of this order that holds, controls, or maintains custody of any account or asset in the name or names of Defendants, or any of them, that is mentioned in paragraph 1 above, shall hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such account or asset except by further order of the Court.

~~3. Distribution of Order by Defendants. Defendants shall, immediately upon receipt of a copy of this order, provide a copy of this order to their subsidiaries, divisions, partners, employees, agents, representatives, attorneys, successors, officers, directors, independent contractors, clients, customers, banks, thrifts, financial institutions, depositary institutions, and vendors, and shall, within ten (10) days from the date of entry of this order, provide Plaintiff with a sworn statement that it has complied with this provision of the order, which statement shall include the names, physical addresses, telephone numbers, and email addresses of each such person or entity to whom defendants provided a copy of this order.~~

4. <u>Duration of Temporary Restraining Order</u>. This temporary restraining order shall expire on __March 17__, 2014 at __5:00 p.m.__, unless within such time, the order, for good cause shown, is extended for any additional period not to exceed ten (10) days, or unless it is further extended pursuant to Rule 65 of the Federal Rules of Civil Procedure.

**ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Defendants are ORDERED to appear before this Court on the __17th__ day of __March__, 2014, at __9:00 a.m.__ show cause, if any, why this Court should not enter a

1 preliminary injunction, pending final determination and/or judgment on the Complaint
2 against Defendants, enjoining Defendants from further violations, continuing the freeze
3 of accounts and other assets held in the name or names of Defendants and any of
4 them, and imposing such additional relief as may be appropriate.

5 Defendants shall file with the Court and serve on Plaintiff's counsel any
6 answering affidavits, declarations, pleadings, motions, expert reports, and legal
7 memoranda no later than four (4) days before the hearing on the order to show cause.
8 **Plaintiff shall not file a reply or supplemental pleading.**
9 ~~declarations, or memoranda with the Court and serve the same on defendants or their~~
10 ~~counsel no later than one (1) day before the hearing on the order to show cause.~~
11 Provided, however, that service shall be effected by personal or overnight delivery, fax
12 transmission, or email, and documents shall be delivered so as to be received by the
13 recipient no later than 4:00 p.m. Pacific time on the appropriate dates.

14 The order to show cause shall be heard and determined by the Court on the
15 pleadings, declarations, affidavits, exhibits, memoranda, and other papers filed by, and
16 oral argument of, the parties. ~~Live testimony shall be heard only on further order of this~~
17 ~~Court or on motion filed with the Court and served on counsel for the other parties at~~
18 ~~least three (3) days before the hearing on the order to show cause. Such motion shall~~
19 ~~set forth the name, address, and telephone number of each proposed witness, a~~
20 ~~detailed summary or declaration revealing the substance of each proposed witness's~~
21 ~~expected testimony, and an explanation of why the taking of live testimony would be~~
22 ~~helpful to this Court. Any papers opposing a timely motion to present live testimony or to~~
23 ~~present live testimony in response to another party's timely motion therefor eshall be~~
24 ~~filed with this Court and served on the other parties at least two (2) days before the~~
25 ~~hearing on the order to show cause, provided, however, that service shall be effected by~~
26 ~~personal or overnight delivery, fax transmission, or email, and documents shall be~~
27 ~~delivered so as to be received by the recipient no later than 4:00 p.m. Pacific time on~~
28 ~~the appropriate dates.~~

With regard to any correspondence or pleadings related to this order, service on Plaintiff shall be performed by delivery or transmission to Kronenberger Rosenfeld, LLP, 150 Post Street, Suite 520, San Francisco, California 94108.

**RETENTION OF JURISDICTION; WAIVER OF UNDERTAKING**

The Court shall retain jurisdiction over this matter for all purposes. No bond, undertaking, or other security shall be required of Plaintiff for the issuance of the temporary restraining order or as a condition for the effect of such order.

**ORDERS REGARDING SERVICE**

Service of Order. Within twenty-four (24) hours after the filing of this order, Plaintiff shall serve copies of this order ~~by email, fax, personal delivery, or other means calculated to give actual notice~~ at the earliest possible opportunity, upon (a) Defendants; and (b) any financial institution or other entity or person that is known or believed by Plaintiff to have possession, custody, or control of any accounts, assets, or documents held in the name or names of defendants or any of them, or that is known or believed by Plaintiff to be otherwise subject to any provision of this order. Service upon any branch of office of any financial institution shall effect service upon the entire financial institution. A regular, file-endorsed, conformed copy of this order, whether in paper format or electronic format, shall have the same force and effect as a certified copy. Plaintiff shall file proof of said service with the Court within five (5) days after service is accomplished.

Service of Process. Within forty-eight (48) hours after the filing of this order, Plaintiff shall serve the Complaint, summons, and all other process and papers required to be served upon Defendants at the outset of this action upon Defendants ~~by any means reasonably calculated to give actual notice to defendants, including without limitation email, fax, personal service, substituted service, or certified mail service. If Plaintiff effects service of process by email or fax, Plaintiff shall, within three (3) days thereafter, attempt to effect service of said process by personal delivery, substituted service, or certified mail service as well. Plaintiff is not required to use reasonable~~

1 ~~diligence to effect service of said process by personal service, substituted service, or~~
2 ~~certified mail service before resorting to service by email or fax transmission.~~

4 SO ORDERED, on March 10, 2014

_____
Hon. Edward J. Davila
United States District Judge