KRONENBERGER ROSENFELD, LLP
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HANNAN, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>THE TULVING COMPANY, INC., a California Corporation; and HANNES TULVING, JR. a California resident,<br><br>Defendant. | Case No. 3:14-cv-01054-JD<br><br>**REVISED STIPULATION FOR PRELIMINARY INJUNCTION AND [PROPOSED] ORDER**<br><br>[Fed. R. Civ. P. 65; L.R. 65-1]<br><br>Date: TBD<br>Time: TBD<br>Ctrm: Courtroom 11 - 19th Floor<br>Judge: The Hon. James J. Donato<br>Filed: March 7, 2014 |

Case No. 3:14-cv-01054-JD    STIPULATION FOR PRELIMINARY INJUNCTION AND [PROPOSED] ORDER

Subject to the approval of the Court, Plaintiff Victor Hannan ("Plaintiff") and Defendant Hannes Tulving, Jr, ("Defendant") through their respective counsel of record, hereby stipulate to a preliminary injunction in the above-referenced matter. Plaintiff alleges there is good cause for a preliminary injunction to enter for the reasons stated in his motion for a temporary restraining order. (*See* Dkt. No. 8.) Without admitting the allegations in Plaintiff's complaint or Plaintiff's motion for a temporary restraining order, Defendant consents to the preliminary injunctive relief contained herein. The terms of the preliminary injunction are as follows.

**DEFINITIONS**

As used in this order:

a) "Defendant" means Hannes Tulving, Jr., and any and all other names under which Defendant does business, and any subsidiaries, corporations, partnerships, divisions, or other entities directly or indirectly owned, operated, managed, or controlled by Defendant. However, "Defendant" does not include The Tulving Company, Inc., which has filed a petition for Chapter 11 bankruptcy protection in the United States District Court for the Central District of California, Case No. 8:14-bk-11492-ES. As a result of this bankruptcy filing, an automatic stay has issued as to The Tulving Company, Inc. and the above-captioned action has been stayed as to The Tulving Company, Inc. Thus, nothing in this preliminary injunction affects The Tulving Company, Inc., requires The Tulving Company, Inc. to perform any action or requires Defendant to take any action relating to The Tulving Company, Inc.

b) "Representative" means the following persons or entities who receive actual notice of this order by personal service, alternative service as authorized herein, or otherwise: (a) Defendant's agents, employees, servants, and attorneys; and (b) all other persons who are in active concert or participation with Defendant or his agents, employees, servants, or attorneys.

**PRELIMINARY INJUNCTION**

1. <u>Asset Freeze</u>. Except as provided in paragraph 5 below, Defendant and

his Representatives are preliminarily enjoined from transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of the following accounts (and assets deposit therein) and property:

- Wells Fargo Bank account ending in the digits 5405, in the name of Defendant.

- Any other banking, checking, deposit, or similar such account held or controlled by Defendant after obtaining court approval.

- All metal products, including any gold, silver, platinum, or palladium coins or bars in the possession, custody, or control of Defendant.

(In any correspondence regarding this order that is sent to any financial institution, Plaintiff's counsel shall identify all known implicated account numbers in a cover letter.)

2. <u>Asset Freeze – Financial Institutions</u>. Any financial or brokerage institution, business entity, or person served with a copy of this order that holds, controls, or maintains custody of any account or asset in the name of Defendant, that is mentioned in paragraph 1 above, shall hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such account or asset, except by further order of the Court.

3. <u>Provision of Account Information to Plaintiff</u>. Within seven days of entry of this Order, Defendant shall provide Plaintiff with a list of all personal financial accounts, including account numbers, that Defendant has held since January 1, 2013.

4. <u>Duration of Preliminary Injunction</u>. This preliminary injunction shall expire upon ~~resolution of this matter~~ Order of the Court. JD

5. <u>Exception to Asset Freeze</u>. Defendant is permitted to withdraw no more than $10,000 per month from his personal banking account (Wells Fargo Bank account ending in the digits 5405) in order to pay his necessary living expenses, including any housing, food, and utilities. No other withdrawals from the accounts referenced in

1  Paragraph 1 will be permitted for any reason, with the exception of attorney's fees,
2  absent further order from this Court. Furthermore, nothing in this paragraph authorizes
3  Defendant to dispose of any metal products, including any gold, silver, platinum, or
4  palladium coins or bars in the possession, custody, or control of Defendant. When
5  requested by Plaintiff, but no more than monthly, Defendant shall provide a report to
6  Plaintiff and the Court identifying all funds withdrawn from any financial account and the
7  use of such funds.
8      6.    <u>Effect on Other Proceedings</u>: This preliminary injunction shall not affect
9  any order by any other court or government agency, including but not limited to the
10 bankruptcy stay as to the Tulving Company, Inc. To the extent this preliminary
11 injunction conflicts with an order of another court or government agency, the order of
12 the other court or government agency shall control.
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Case No. 3:14-cv-01054-JD      3      STIPULATION FOR PRELIMINARY INJUNCTION AND [PROPOSED] ORDER

## RETENTION OF JURISDICTION; WAIVER OF UNDERTAKING

The Court shall retain jurisdiction over this matter for all purposes. No bond, undertaking, or other security shall be required of Plaintiff for the issuance of the temporary restraining order or as a condition for the effect of such order.

Respectfully submitted,

DATED: May 12, 2014     **KRONENBERGER ROSENFELD, LLP**

By: _s/ Karl S. Kronenberger_
Karl S. Kronenberger

Attorneys for Plaintiff

DATED: May 12, 2014     Of Counsel:

**SHAPIRO HABER & URMY LLP**
Edward F. Haber (pro hac vice forthcoming)
Patrick J. Vallely (pro hac vice forthcoming)

**GRUENBECK & VOGELER**

DATED: May 12, 2014

By: _s/ William K. Vogeler_
William K. Vogeler

Attorneys for Defendant Hannes Tulving, Jr.

DATED: May 12, 2014

By: _[signature]_

Hannes Tulving Jr.

Defendant

Case No. 3:14-cv-01054-JD          4          STIPULATION FOR PRELIMINARY INJUNCTION AND [PROPOSED] ORDER

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Local Rule 5-1(i)(3), the filer hereby attests that concurrence in the filing of this document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document.

Respectfully Submitted,

DATED: May 12, 2014

**KRONENBERGER ROSENFELD, LLP**

By: ___s/ Karl S. Kronenberger___
       Karl S. Kronenberger

Attorneys for Plaintiff

Case No. 3:14-cv-01054-JD

5

STIPULATION FOR PRELIMINARY INJUNCTION AND [PROPOSED] ORDER

## [PROPOSED] ORDER

Having reviewed the Parties' stipulation and good cause appearing, **IT IS SO ORDERED** that the Parties' stipulation for preliminary injunction is adopted and entered as an order of the Court.

Dated: 5/14/14

The Honorable James Donato
United States District Court Judge